## B. W. SWIFT *v.* ED. ADKINS.

ILLEGAL CONTRACT. *Usury. When not recoverable.* Where A. owes B. a sum of money and C. pays it at the request of A., he may recover it, although the transaction between A. and B. be tainted with usury; but if C. borrows money of B. on a usurious contract to loan to A., at the latter's request and for his benefit, C. cannot recover of A. the usury paid by him to B.

### FROM HOUSTON.

Appeal from the Circuit Court.    J. E. RICE, J.

W. J. BROADUS for Swift.

H. H. LURTON for Adkins.

DEADERICK, C. J., delivered the opinion of the court.

Adkins obtained a judgment against Swift, before a justice of the peace of Houston county, from which Swift appealed to the Circuit Court; there the judgment was also in favor of Adkins, and Swift has appealed to this court.

This suit was brought upon an account for upwards of $200, for usurious interest on $1,300, paid, as alleged, by Adkins for Swift, and at his request, to one Lewis, who loaned the money.

That transaction, according to Adkins' testimony, was as follows: Swift, being hard pressed for money, called upon Adkins to loan to or procure for him $1,400. Adkins saw Lewis, who would not agree to loan the money to Swift, but consented to loan $1,300

to Adkins and take his individual note for it. He required, however, that Adkins should pay, in addition to the legal rate of interest, in cash $100, and after the note fell due, four per cent. in addition to the six per cent. it bore, so as that it should yield ten per cent. interest. Adkins says he did not have the cash to pay this bonus of $100, and gave his note for it, and afterwards paid the note and also the additional four per cent., which, with a charge for his services, constitute the account upon which this suit is brought. Adkins further states, that after he had made this arrangement with Lewis, and the day before he got the money from him, he saw Swift and communicated the terms of the loan to him—and he agreed to them and authorized him to make the arrangement, and requested him to pay the $100 and four per cent., which he did.

Adkins executed his note to Lewis for $1,300 and got the money—at the same time he executed his note for $100 bonus, and agreed to pay him the four per cent. after the note fell due, in addition to the legal rate of interest. He then let Swift have the $1,300, took his note for it, and took a deed of trust on his land to secure to himself the payment of the $1,300 note of Swift. This note was some time afterwards transferred to Lewis, with a new deed of trust to secure it.

Lewis also says he refused to let Swift have the money, but loaned to Adkins, upon his note, $1,300, on his agreeing to pay the $100 bonus and four per cent. in addition to the six per cent. interest. The $100 was to have been paid in cash, but he took

Adkins' note for it, which, with the four per cent., was afterwards paid by Adkins.

Swift denies that he ever agreed to pay the usury or authorized the borrowing of the money upon the terms above stated.

Upon the foregoing facts, the Judge charged the jury if they believed that the plaintiff, at the request of the defendant, advanced the $100 to Lewis for the loan of $1,300, the plaintiff will have a right to recover, etc.; or, if plaintiff advanced the money for defendant for the use of the $1,300, without his request, and defendant acquiesced in it, after being informed of it, he can recover, etc.

If defendant had owed Lewis, although the claim was tainted with usury, and had borrowed money of plaintiff to pay it; or if plaintiff had paid it at the request of defendant, he could have recovered whatever sum he may have advanced or paid. But as we understand this transaction, defendant owed Lewis nothing; plaintiff had become the debtor to Lewis, by borrowing the money from him and giving his note for the $1,300 received, and for the $100 bonus and his promise to pay the four per cent.

These last two items were for usurious interest on the $1,300, and it is on defendant's promise or liability to pay to Adkins these items, that this suit is brought.

When Adkins got the $1,300, he handed it to Swift and took his note to himself for that sum, and for the $100 bonus.

Swift, never having been debtor to Lewis, by this transaction became debtor to Adkins, bound in the

same sums and in the same way to Adkins that Adkins was bound to Lewis.

Adkins could not have been compelled, if he had relied upon the defense of usury, to pay Lewis the $100 note nor the four per cent, as they both admit that the $100 was left out of Adkins' note to Lewis because it was illegal to exact that sum as interest. And Adkins says the $100 was left out of Swift's note and deed of trust to him for the same reason—that is, because it was usurious interest.

Swift, as debtor to Adkins, occupies the same relation to him that Adkins occupied to Lewis. And Swift cannot be compelled to pay this usurious interest to Adkins, having relied upon the defense of usury.

The court and counsel in argument seem to have assumed that Swift owed the money to Lewis, and that Adkins had paid it for him, at his request—whereas, Adkins was the debtor to Lewis, and Swift in the same manner and to the same extent the debtor to Adkins—he, Adkins, having borrowed the money of Lewis, and loaned it to Swift.

Let the judgment be reversed.